Samuel Wincher, plaintiff in error, *v.* Michael Shrewsbury, defendant in error.

*Error to Morgan.*

Where the plaintiff had made from timber growing on government land, a quantity of rails, and left them piled up upon the land, and the defendant afterwards purchased the land of the government, and converted the rails to his own use : *Held,* that they did not pass with the land, and that the plaintiff could maintain an action of trespass against the defendant, and recover the value of the rails taken.

This was an action of *trespass* commenced by the defendant in error against the plaintiff in error, before a justice of the peace of Morgan county. The justice rendered judgment for the defendant in error, for the sum of ten dollars and sixty-eight cents, from which an appeal was taken to the Circuit Court of Morgan county, where the cause was tried at the November term, 1839, before the Hon. William Thomas, without a jury, upon the following agreed state of facts :

" The plaintiff went upon a tract of land which belonged to the government of the United States, and made ten hundred and sixty rails, and cut and sawed timber. All of said rails and timber were of the value of fifteen dollars, and were made of timber trees situated upon said land. Said rails were laying in piles through the woods, on the land aforesaid, and the sawed timber lying on the land, and in that situation were of the value aforesaid. While the timber was thus situated on said land, the defendant entered and purchased the land of the United States, and paid for it, but had no patent for said land, but a certificate of purchase from the United States. Said defendant prohibited the plaintiff from taking this

timber off of his, defendant's land, and went and hauled the rails and timber away, and converted them to his own use, without the consent of the plaintiff. To recover the value of said rails and timber, this suit was brought.

" November 5th, 1839.

" SAMUEL WINCHER,

" MICHAEL SHREWSBURY."

The Court rendered judgment for the defendant in error, for the sum of fifteen dollars.

S. T. LOGAN, for the plaintiff in error.

M. M'CONNEL, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court :

The facts of this case are, that the plaintiff below had made, from timber growing on government land, a quantity of rails, and left them piled up upon the land. The defendant afterwards entered the land, and took the rails, for which the plaintiff brought this action. I have no doubt of the plaintiff's right of recovery against the defendant. It is true, that the wrongful taking or conversion of the property of another, does not give the trespasser a title, as against the owner, who may follow and recover it as long as it can be identified. But this rule applies only to the owner of the property taken, and not to a stranger.

Had the defendant any title to the rails in question, and how did he acquire it ? At the time the trespass was committed by the plaintiff, the land, and consequently the timber growing on it, of which the rails were made, belonged to the government. The cutting of the timber was therefore an injury and trespass against the government; and it had a legal remedy. Therefore the defendant had neither a right of property, nor a right of action, at the time of the plaintiff's trespass, in making the rails. To what then did he acquire title, by a subsequent purchase of the land ? Certainly not to a right of action for a previous trespass ; nor to the timber which had been previously severed from the land, and converted into rails, farming utensils, furniture, or any thing else. A certificate of purchase or patent vests in the patentee a title to the land, and generally all that is growing on, or is in the contemplation of law attached to the land, — as houses, fences, growing timber, grain, &c. ; and it is said that fallen timber passes with the land. But that which has been severed from the land, and, by the art and labor of man, converted into personal property, such as implements of husbandry, barrels, furniture, or even rails when not put into a fence, or evidently intended to be so used upon the land, (which could not be inferred if made by a stranger,) do not pass with it, any more than the grain, grass, or fruit which has grown upon, and been gathered from it. In another view of this case, the defendant's liability would seem clear.

The government being the owner of the land, at the time of the trespass by cutting timber, it might, and if not barred by time, may yet recover, in trespass, for the injury done to the land, or, by action of trover, recover the value of the rails, which would certainly be a bar to the defendant's recovery for the same trespass. For if the defendant may convert the rails to his own use, he may recover of the plaintiff for a conversion by him, and thus subject him to make compensation twice for the same trespass.

This would be both unjust and illegal. The vendor and vendee { of the land cannot both have a remedy for the same trespass ; a recovery by one would be a bar to that of the other. A recovery by the government in an action of trover, against the plaintiff below, for the value of the rails made on its land, would vest the right to them in him ; and although it does not appear that any such prosecution has been instituted by the government, yet the right to do so proves the defendant's want of title, either to recover for the trespass on the land, or to take the rails which are the fruits of it. The judgment is affirmed.

*Judgment affirmed.*